**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CITY OF SACRAMENTO,

Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION; STEPHEN M.
DICKSON, in his official capacity as
Administrator, Federal Aviation
Administration,

Respondents.

No.    20-72150

MEMORANDUM[*]

On Petition for Review of Orders
of the Federal Aviation Administration

Argued and Submitted September 1, 2021
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Petitioner City of Sacramento (City) filed a petition for review asserting that

Respondent Federal Aviation Administration (FAA) amended five flight

procedures without complying with the Federal Aviation Act, 49 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 44715(a)(1)(A), the Noise Control Act of 1972, 42 U.S.C. § 4903(a), the FAA

Reauthorization Act of 2018, Pub. L. 115-254, § 175, 132 Stat. 3186 (Oct. 5,

2018),[1] the Vision 100 - Century of Aviation Reauthorization Act of 2003 ( Pub. L.

No. 108-176, § 709(c), 117 Stat. 2490 (Dec. 12, 2003), and the National

Environmental Policy Act (NEPA), 42 U.S.C. § 4332(2)(C).[2]  The City filed its

petition on July 21, 2020, 61 days after the FAA issued the five amended flight

procedures.  The petition was thus untimely under the 60-day filing period

provided in 49 U.S.C. § 46110.  *See* 49 U.S.C. § 46110(a) ("The petition must be

filed not later than 60 days after the order is issued. . . .").  The City's argument

that the order was not issued until it was received by the City is unpersuasive.

Indeed, the City was fully aware of the May 21, 2020 issue date, and that it had 60

days to file the petition.  The City appears to have simply miscalculated the

deadline.  Such miscalculations, however, are not "reasonable grounds" for failing

to file a timely petition.  *See Americopters, LLC v. F.A.A.*, 441 F.3d 726, 734 (9th

---

[1]  Because the amended flight procedures did not "propos[e] a new area navigation departure procedure" or "amend[] an existing procedure" that would change how aircraft would be directed, the FAA Reauthorization Act of 2018 does not appear to be implicated.  *See* Pub. L. 115-254, § 175; 49 U.S.C. § 47501, notes.

[2] Contrary to the FAA's argument, the City's allegation in its Petition that the amended flight procedures impact noise and safety over the City is sufficient to confer Article III standing.  *See City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1114 (9th Cir. 2009).

Cir. 2006).  Because the City's petition is untimely, we lack jurisdiction to consider it.  *See id.*

Even if the City had filed a timely petition, it would not prevail.  The FAA did not violate NEPA or the other noise and/or safety statutes when amending the five flight procedures due to changes in the magnetic variance, as those changes merely required the FAA update the flight procedures to reflect renumbered runways.[3]   The City does not dispute that the FAA considered the City's noise concerns, and determined that the 2020 changes to the five flight procedures were minor and would not impact noise or safety. The FAA already conducted an environmental assessment of the flight procedures when they were substantively amended in 2014, and it is not required to reconsider or supplement its prior environmental assessment simply because it must update the flight procedures' runway numbers.  *See City of Las Vegas*, 570 F.3d at 1117 (holding that the "FAA did not need to produce [a supplemental environmental assessment] for

---

[3] The FAA also did not abuse its discretion when declining to consider public comments concerning the environmental impacts of the five amended flight procedures on its website publishing notice of new or amended flight procedures. The City does not assert that the FAA failed to provide avenues for public comment when the FAA originally redesigned the flow of air traffic in 2015.  The FAA was not required to repeat that process when updating runway numbers.  *See State of California v. Block*, 690 F.2d 753, 771 (9th Cir. 1982) (cautioning that "requiring agencies to repeat the public comment process when only minor modifications are made promises to prolong endlessly the NEPA review process").

3

[modifications to flight paths] because the modifications were not significant"); *see also Morongo Band of Mission Indians v. F.A.A.,* 161 F.3d 569, 583 (9th Cir. 1998) (holding that FAA action which had an "insignificant impact on the existing use of the land" did not violate the law and therefore plaintiffs were not entitled to relief under 5 U.S.C. § 706(2)); *Hells Canyon Pres. Council v. U.S. Forest Serv.,* 593 F.3d 923, 933 (9th Cir. 2010) (reasoning that while a court may compel an agency to act, the court has "no basis for compelling" an agency to adopt a party's "preferred" course of action). All pending motions are denied as moot.

**PETITION DISMISSED**.